## SUPREME COURT.

### DUNCAN agt. DE WITT.

*Motion to open default denied.*

Where as a pure matter of favor, and with the notice that the cause must be tried when again called, the cause was put over, and when again called an untruth was told to procure a further adjournment:

*Held*, that to allow the plaintiff's default (dismissing the complaint) to be opened under such circumstances, would be simply to encourage a bad practice.

*New York, Special Term, June*, 1875.

THIS was an action on a claim for $100,000. The plaintiff and defendant were residents of the state of New Jersey; nearly all of the witnesses resided there. The plaintiff claimed to recover of the defendant $100,000 damages for alleged breach of an alleged contract. The defendant claimed there was not the slightest foundation for the action, and wanted the trial to come off. He attended with his counsel, *S. A. Noyes* and *D. McMahon*, and with his witnesses from New Jersey, a number of times. The plaintiff did not present himself ready for trial with his witnesses. Finally, on motion of *Mr. McMahon*, who pronounced in open court that the plaintiff had no case, the judge at circuit dismissed the plaintiff's action, with costs. Motion was then made to open the default and to let the plaintiff in to try the cause.

*Mr. Bell*, for plaintiff.

*D. McMahon*, for defendant.

Duncan agt. De Witt.

DONOHUE, J. — In this case both the parties reside in New Jersey; the subject-matter of the action is in New Jersey. Under these circumstances, unless there are facts showing a good reason for opening the default, the parties should be allowed to litigate in that state. It seems to me that the case does not show such a state of facts as would entitle the plaintiff to the relief he asked. The action of the plaintiff in the call of the case at circuit, rather impressed me with the feeling that plaintiff did not intend to try his cause when the jury had been sworn in the cause and no valid excuse for putting off the case with a number of witnesses in court from New Jersey. As a pure matter of favor, and with the notice that the cause must be tried when again called, the cause was put over; and when again called, an untruth was told to procure a further adjournment. To allow this default to be opened, would be simply to encourage a bad practice. Motion denied, with costs.